No. 04-98-00221-CV



GREEN TREE FINANCIAL CORP.,


Appellant


v.



Feliciano GARCIA and Sylvia Garcia,


Appellees



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CI-10729


Honorable Frank Montalvo, Judge Presiding



Opinion on Motion for Rehearing



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: April 14, 1999


APPELLEES' MOTION FOR REHEARING DENIED


 The motion for rehearing filed by Feliciano and Sylvia Garcia ("Garcias") is denied. We
issue this supplemental opinion to address any misunderstanding in interpreting our earlier opinion.
The reason for the reversal and remand of this case is based solely on our holding that the instruction
set forth in section 110.31 of the Texas Pattern Jury Charge ("PJC") was requested and required, but
not given.

 The Garcias initially contend that our conclusion that Green Tree properly preserved the jury
charge error was erroneous because we failed to read the entire record relating to the jury charge.
We read the record, but in deference to the complaints raised by the Garcias, we have re-examined
it. It reveals the following.

 Green Tree requested PJC 110.31. Green Tree expressly referred to it by its correct number
and complained that it was not in the charge. Green Tree said the boilerplate language contained in
the charge regarding course and scope was inadequate. Green Tree correctly asserted: "This is not
the proper instruction with regard to corporate liability for alleged exemplary damages." The trial
court then responded that counsel for Green Tree and counsel for the Garcias were talking about
different things. The court noted that with respect to the corporate liability issue, "that's for the
punitive damages instruction to say that the corporation ratifying the acts, and all that language."
This comment by the trial court was an appropriate response to Green Tree's request and was a
short-hand rendition of PJC 110.31. There is only one instruction on punitive damages in this
context: PJC 110.31. The court's response in answer to Green Tree's complaint about PJC 110.31
not being in the charge was partially in the words of PJC 110.31. It is unrealistic, given the context
and words actually spoken, to imagine that the court did not understand Green Tree's complaint and
the instruction it was requesting.

 Nevertheless, the instruction was not given. In response to the urging of the Garcias that
there was already a finding that satisfied the predicate requirements, the trial court responded: "He
is right." We cannot agree -- the instruction was necessary. The only remaining question with
respect to the jury charge is whether Green Tree preserved the error.


 "There should be but one test for determining if a party has preserved error in the jury charge,
and that is whether the party made the trial court aware of the complaint, timely and plainly, and
obtained a ruling." State Dept. of Highways v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). Green
Tree objected twice to the absence of an instruction on the predicate requirements for assessing
punitive damages against a corporation. In its first objection, Green Tree expressly referenced PJC
110.31. The trial court's statement that the punitive damages instruction would need to say "that the
corporation ratifying the acts, and all that language" evidences its understanding of Green Tree's
objection. Later, in reviewing the punitive damages question, Green Tree raised a second objection
"to the absence of any question which would make the corporate entity liable for the acts of the
employee or agent, any predicate question with regard to that . . . such as imputing liability or
ratification, vice principal, anything like that." Garcias' counsel acknowledged that Green Tree was
referring to PJC 110.31; however, Garcias' counsel argued that the predicate requirement was
conclusively established, and the trial court agreed.

 Green Tree's objections were timely and plain. From the trial court's response, there is no
doubt that the trial court understood the instruction Green Tree was requesting -- "the corporation
ratifying the acts, and all that language." Concerning ourselves with common sense and not
promoting form over substance, See Dallas Market Center Development Co. v. Liedeker, 958 S.W.2d
382, 386 (Tex. 1997), we hold that Green Tree's objections were sufficient to preserve the jury
charge error.

 The Garcias' second complaint in their motion for rehearing relates to their argument that
the evidence conclusively established the predicate requirements for assessing punitive damages
against Green Tree. In response to this argument, we held: "Since the jury could have based its
answer to the malice question on any of the wrongful acts listed in the liability questions, we would
need to conclude that the evidence conclusively established a predicate requirement as to each of
those wrongful acts in order to accept the Garcias' reasoning." The Garcias assert that we can
uphold the punitive damages award even if the predicate requirement is conclusively established as
to just one of the wrongful acts.

 With regard to the "laundry list" of wrongful acts listed in jury question number one, our
prior opinion explains the reason we cannot uphold the punitive damages award. Some of the
wrongful acts in which the jury could have found Green Tree engaged under jury question number
one would support a punitive damages award, while others would not. We have no discrete findings
and no instruction, so we do not know which wrongful act or acts listed in question number one the
jury might have used as the basis for its punitive damages award. Since the jury could have based
its punitive damages award on a wrongful act that would not support such an award, we cannot
uphold the punitive damages award.

 The Garcias further assert that we could ignore the jury's response to question number one
and uphold the punitive damages award if we found the predicate requirement was conclusively
established as to the wrongful act listed in jury question number two. However, the jury could only
award punitive damages if it based the award on a wrongful act that was undertaken with malice and
caused harm to the Garcias. The jury was instructed to answer jury question number seven regarding
whether the Garcias were harmed as a result of malice if they answered any of the liability questions
"yes."(1) Given the instructions, the jury could have found that the wrongful acts listed in jury
question number one caused harm to the Garcias as a result of malice, but that the wrongful act listed
in jury question number two did not cause harm to the Garcias as a result of malice. In such a case,
the jury would have responded affirmatively to jury question number seven, but the wrongful act
listed in jury question number two would not support the punitive damages award because the jury
did not find that it caused harm to the Garcias as a result of malice. Without separate findings as to
whether each wrongful act caused harm to the Garcias as a result of malice, we cannot determine
which action the jury found to be undertaken with malice to support the punitive damages award.

 This court cannot uphold a jury verdict that is rendered without proper instructions. We
cannot rely on a jury's award of punitive damages if the jury is not given the proper rules for
assessing such damages. Where the jury is not properly instructed, its verdict could be contrary to
the law by which it must be guided. The jury was not given the necessary rules to guide it, and we
cannot determine from the verdict that was reached whether the jury would have awarded punitive
damages if it had been given the proper instruction.

 This court's decision does not "trivialize" the jury's verdict. Nothing could be more
important in the legal system. But a jury must be properly instructed so that they may properly
assess the facts according to the law. Appellees' motion for rehearing is denied.

 PHIL HARDBERGER,

 CHIEF JUSTICE

PUBLISH


1. Jury question number seven provides:

 If you have answered any of questions 1, 2, 3, or 4 "Yes", then answer Question 7; otherwise do not
answer question 7.

 Do you find by a preponderance of the evidence that the harm to Feliciano and Sylvia Garcia
resulted from malice?

 Malice means

 (a) A specific intent by Green Tree Financial to cause substantial injury to Feliciano and
Sylvia Garcia; or

 (b) An act or omission by Green Tree Financial, (I) which when viewed objectively from the
standpoint of Green Tree Financial at the time of its occurrence involved an extreme degree of risk,
considering the probability and magnitude of the potential harm to others; and (ii) of which Green
Tree Financial had actual, subjective awareness of the risk involved, but nevertheless proceeded with
conscious indifference to the rights, safety or welfare of others.


Return to
4th Court of Appeals Opinions